**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT of TENNESSEE**
**WESTERN DIVISION**

FILED BY ___ D.C.

05 JUL -8  PM 4: 04

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

GENE GOEHRING,

     Plaintiff,

v.                                                         Case No. 04-2680 Ma/V

FEDEX KINKO'S OFFICE and
PRINT SERVICES, INC., previously
known as KINKO'S, INC.,

     Defendant.

---

## CONSENT PROTECTIVE ORDER

WHEREAS, Plaintiff Gene Goehring (hereinafter "Plaintiff") and Defendant FedEx Kinko's Office and Print Services, Inc. previously known as Kinko's, Inc. (hereinafter "Defendant") recognize and acknowledge that responding to Plaintiff's Second Requests for Production of Documents to Defendant requires the disclosure and production of information and documents of a personal, confidential and proprietary nature, the following Protective Order, consented to by the parties, is hereby entered pursuant to Fed.R.Civ.P. 26(c):

1.    This Protective Order shall apply to all information and documents produced by Defendant in response to Plaintiff's Second Requests for Production of Documents to Defendant. This Protective Order shall further apply to all copies, extracts, notes, and summaries prepared or derived from such information and documents, including those portions of pleadings, briefs, memoranda, and any other writings filed with the Court referring thereto. All information and documents to which this Protective Order applies shall be referred to as "confidential information,"

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _7-11-05_

and all such documents shall be stamped "Confidential – Subject to Protective Order."  Defendant shall not knowingly designate as "Confidential – Subject to Protective Order" any information (or shall promptly withdraw any designation with respect to information) which (a) at the time of the disclosure herein is available to the general public through lawful means or otherwise consistent with Defendant's policies and procedures and not in violation of this Protective Order or (b) after disclosure herein, becomes available to the general public through lawful means or otherwise consistent with Defendant's policies and procedures and not in violation of this Protective Order. Plaintiff's right to challenge the designation of information as "Confidential – Subject to Protective Order" is preserved.

2.      "Confidential information" shall only be made available to "qualified persons," as defined in paragraphs 3 and 4 below, who have read this Protective Order, who agree to be bound by its terms, and who sign a Confidentiality Agreement in the form attached hereto.  No other person shall have access to such "confidential information" without the approval of Defendant or the Court.

3.      "Qualified persons," as used herein, shall consist of the Plaintiff as well as his counsel of record, including other attorneys in the firm, law clerks, paralegals, investigators, and stenographic clerical employees and deponents and potential witnesses.  All such "qualified persons" shall be informed by Plaintiff's counsel of record of the provisions of this Protective Order and shall agree to be bound thereby with their agreement to be evidenced by signing a Confidentiality Agreement in the form attached hereto.  The exclusion from the list of "qualified persons" of the Court and its officers, jurors, and witnesses appearing at trial or deposition does not preclude assertion of the protections of this Protective Order at an appropriate time.  Deponents and potential witnesses may not retain any copies, extracts, notes, or summaries prepared or derived from information subject to this Protective Order.

4.      Any independent expert retained by or on behalf of Plaintiff may be included as a "qualified person" once he or she has read this Protective Order, has agreed to be bound by its terms, and has signed a Confidentiality Agreement in the form attached hereto.  A copy of an executed original of that Confidentiality Agreement shall be maintained by Plaintiff's counsel and, for good cause shown, the Confidentiality Agreement shall be available for inspection by counsel for Defendant.

5.      "Confidential information" may be used solely for the purpose of this litigation and for no other purpose.

6.      Nothing contained in this Protective Order shall prevent the use of "confidential information" in connection with depositions or trial, with the following safeguards:

a.      All portions of the transcripts of such testimony, including exhibits, which refer or relate to "confidential information" shall be treated as confidential, and the party introducing such "confidential information" shall make arrangements with the court reporter to bind the confidential portion of the transcripts and exhibits separately and label it "confidential information." In addition, the witness must be advised of the requirements of this Protective Order and that he or she may not divulge any "confidential information," and the witness must execute a Confidentiality Agreement in the form attached hereto.

7.      Any pleading, motion, brief, or other paper filed with the Court containing "confidential information" shall be filed and maintained in the Clerk's office under seal.  The parties shall file these papers, as well as transcripts of proceedings revealing "confidential information," in sealed envelopes marked "Confidential – Subject to Protective Order." Such papers shall be made available only to the Court and to counsel in this proceeding and in any ensuing appeals.

8.      Counsel for Plaintiff shall maintain the Confidentiality Agreement executed by each

"qualified person" to whom any "confidential information" is disclosed or exhibited in prosecution of this lawsuit and, for good cause shown, the Confidentiality Agreements shall be available for inspection by counsel for Defendant.

9.      "Confidential information" shall be maintained only in the offices of the Plaintiff's counsel, the Donati Law Firm, LLP, except when filed with the Court, when used in meetings with other "qualified persons," or during a deposition, trial, or other court proceeding.

10.     At the conclusion of this case, including any and all appeals, all "confidential information," including copies, extracts, and summaries, shall be returned to counsel for Defendant.

11.     Any party may apply to the Court for relief from or modification of any provision of this Protective Order. Any disputes concerning objections and other matters falling within the scope of, or relating to the interpretation of, this Protective Order shall be submitted for ruling by this Court after the parties first attempt in good faith to resolve any dispute informally.

12.     Violations of this Protective Order shall subject the offending person to appropriate sanctions by the Court.

13.     The restrictions contained in this Protective Order may be extended to additional documents or information by agreement of counsel for the parties without further order of this Honorable Court.

IT IS SO ORDERED this 8ᵗʰ day of _____July_____, 2005.

Diane K. Vescovo

United States ~~District~~ Judge
Magistrate

Consented To:

_Donald A. Donati_

Donald A. Donati (Tenn. Bar No. 8633)
William B. Ryan (Tenn. Bar No. 20269)
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, Tennessee 38104
Telephone: (901) 278-1004
Attorneys for Plaintiff

_Kelly Hundley with permission_

Kelly Michael Hundley (Tenn. Bar No. 012673)
Jennifer H. Keaton (Pro Hac Vice)
ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 659-6700
Attorneys for Defendant

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:04-CV-02680 was distributed by fax, mail, or direct printing on July 11, 2005 to the parties listed.

---

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Jennifer H Keaton
ELARBEE THOMPSON SAPP & WILSON LLP
800 International Tower
220 Peachtree St N.E.
Atlanta, GA 30303

Kelly Michael Hundley
ELARBEE THOMPSON & TRAPNELL
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303

Honorable Samuel Mays
US DISTRICT COURT